UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:97-CR-2 |
| | ) | | 3:05-CR-141 |
| SHANNON D. JAMES, | ) | | (VARLAN) |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's *pro se* Motion for Reduction in Term(s) of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2) as a Result of Amendments 706, 713, 715, the Commentary to § 2D1.1 and § 1B1.10 of the United States Sentencing Guidelines. [Case Number 3:97-CR-2, Doc. 54; Case Number 3:05-CR-141, Doc. 37.] The defendant seeks a reduction of his sentence in Case Number 3:97-CR-2. In the same motion, he also seeks a reduction of his sentence in Case Number 3:05-CR-141. Defendant's motion for a reduction of sentence is now ripe for determination.

**I.    LEGAL BACKGROUND**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement partially limits the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range

2

determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

## II. ANALYSIS

### A. Case Number 3:05-CR-141

In Case Number 3:05-CR-141, the Court sentenced Defendant for the sole offense of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride. [*See* Case Number 3:05-CR-141, Doc. 35.] Because Amendment 706 only applies to "cocaine base" offenses, the amendment is completely inapplicable to Defendant's sentence in Case Number 3:05-CR-141. Accordingly, the Court will deny Defendant's motion to the extent he seeks a reduction for his cocaine hydrochloride sentence in Case Number 3:05-CR-141.

### B. Case Number 3:97-CR-2

In Case Number 3:97-CR-2, the Court sentenced Defendant for possession with intent to distribute cocaine base and possession with intent to distribute cocaine. [*See* Case Number 3:97-CR-2, Doc. 38.] Thus, his request for a reduction in sentence does not suffer from the

3

same flaws as his sentence reduction request in Case Number 3:05-CR-141. Nonetheless, a reduction of sentence is not appropriate for the sentence in this case in light of U.S.S.G. § 1B1.10, Application Note 4(A), which provides:

> Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

U.S.S.G. § 1B1.10, cmt. n.4(A).

In Case Number 3:97-CR-2, Defendant served a term of imprisonment and was released to serve his supervised release term on August 6, 2003. [*See* Case Number 3:97-CR-2, Doc. 50.] His supervised release was subsequently revoked on April 27, 2006, and he was sentenced to 24 months imprisonment, consecutive to the sentence imposed in Case Number 3:05-CR-141. [*See* Case Number 3:97-CR-2, Doc. 53.] Thus, a reduction of the sentence in Case Number 3:97-CR-2 is not appropriate since the sentence was imposed upon the revocation of supervised release. *See* U.S.S.G. § 1B1.10, cmt. n.4(A). Accordingly, the Court will also deny Defendant's motion to the extent he requests a reduction of sentence in Case Number 3:97-CR-2.

### III. CONCLUSION

For these reasons, Defendant's *pro se* Motion for Reduction in Term(s) of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2) as a Result of Amendments 706, 713, 715, the Commentary to § 2D1.1 and § 1B1.10 of the United States Sentencing Guidelines

4

[Case Number 3:97-CR-2, Doc. 54; Case Number 3:05-CR-141, Doc. 37] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
